### Davis v. State Mutual Benefit Society, Appellant.

Argued October 18, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ. Assignments of error overruled and judgment

*George J. Edwards, Jr.,* for appellant.

*I. Sydney Bass,* and with him *Abraham Berkowitz,* for appellee.

OPINION BY BALDRIGE, J., January 4, 1935.

The appellant, on the 25th of July, 1927, issued to the plaintiff its certificate, which provided, inter alia, as follows: "Benefits will not be paid for or on account of any sickness, disease or accident which does not totally incapacitate the insured from attending to or superintending his or her usual or other employment. ...... And in no case will any benefit be paid unless the insured applying therefor has been under the personal care of a regular practicing physician for a period of not less than seven days for each weekly benefit claimed and, except in surgical cases, shall be necessarily confined to his or her bedroom with a well-defined disease."

On February 3, 1933, the claimant fell down a flight of stairs, and as a result sustained the following injuries, to wit: sprained left shoulder, contusion and laceration about the chest. Appellant refused to pay benefits, except $10 covering a period of one week. Suit was brought by claimant to recover for seven additional weeks, with interest, which she alleged was due her under the terms of the certificate. Judge CRANE, sitting without a jury, found for the plaintiff, in the sum of $74.20. The defendant appealed.

The appellant's chief argument is that as plaintiff was not confined to her bedroom after the first week, she was entitled to benefits for one week only.

We think that the only reasonable interpretation to be given this contract is that the necessity of being

confined to her bedroom in order to recover is limited to well-defined diseases and not to surgical cases. If we were to accept the appellant's contention, if the insured had broken or sprained both arms, but had not been confined to her room, she would not be entitled to any benefits. Surely this would not be a fair construction of this contract.

Nor are we in doubt that the injuries sustained bring the insured within the classification of what is commonly called surgical cases. Certain it is that the plaintiff was not suffering from a disease, as is ordinarily understood. In construing the meaning of the contract, the words used must be taken in their plain, ordinary, and usual meaning.

Lieberman v. Columbia N. L. I. Co., 47 Pa. Superior Ct. 276, and Hakspacher v. Aetna Ben. Asso., 55 Pa. Superior Ct. 410, relied upon by the appellant, are cases involving health policies containing provisions dissimilar from those in the policy before us.

The learned trial judge found on sufficient competent evidence that the plaintiff's employment was that of a houseworker; that as a result of the accident she was totally incapacitated, and was under the treatment of her physician from February 3, 1933, until March 31, 1933.

We find no reason for disagreeing with these findings, or disturbing the conclusions of the trial judge that the plaintiff was entitled to the benefits she demanded.

Assignments of error are overruled, and judgment is affirmed.